WHATLEY, Acting Chief Judge.
Albert Tomlinson, the father, appeals an order finding him in contempt and finding him in arrears in the payment of his children’s private school tuition. We reverse because the father was not obligated to pay to the mother, Denise Kowal, the children’s school tuition.
The amended final judgment of dissolution of marriage provided that the father was to pay sixty percent of the children’s tuition to the mother, which amount was not to exceed $900 a month. It further provided that “[i]f the Wife decides to place the children in public school, the Husband’s obligation to contribute to their schooling costs as set forth above, will cease.” Thereafter, in an order dated October 29, 1998, the trial court found that the mother had decided to send the children to public school, and as a result, neither party had any further obligation to pay for private school expenses. The order further noted that if the father wanted the children to attend private school, he may elect to send them to private school and pay all of the expenses. The order, however, did not obligate him to do so. The father continued the children in private school but failed to pay all of the tuition to the school. Thereafter, the mother filed this action for contempt.
Because the mother decided to place the children in public school, the father’s obligation to contribute to the children’s schooling cost ceased. Thus, the father’s failure to pay all of the tuition was no longer a matter of support enforceable by contempt. The trial court erred in finding the father in contempt and finding him in arrears in the payment of the children’s private school tuition to the mother, and we accordingly reverse that portion of the order.
Reversed.
GREEN and STRINGER, JJ., concur.